IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANN MARIE GARDNER,           )<br>                             )<br>    Plaintiff,               )<br>                             )<br>  -vs-                        )     Civil Action No.  19-143<br>                             )<br>ANDREW M. SAUL,[1]            )<br>COMMISSIONER OF SOCIAL SECURITY, )<br>                             )<br>    Defendant.               ) | |

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 8, 10). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 9, 11).  After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 8) and granting Defendant's Motion for Summary Judgment. (ECF No. 10).

**I.     BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits pursuant to the Social Security Act.  Administrative Law Judge ("ALJ"), Melissa Tenenbaum, held a video hearing on November 17, 2017.  (ECF No. 6-3).  On June 6, 2018, the ALJ found that Plaintiff was not disabled under the Act from September 11, 2015 through January 22, 2018 but disabled beginning on January 23, 2018.  (ECF No. 6-2, pp. 19-29).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court.  The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 8, 10).  The issues are now ripe for review.

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity.  20 C.F.R. §404.1520.  The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406.  Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).  *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.  *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Pain Assessment

Plaintiff's first argument is that the ALJ erred in making her residual functional capacity (RFC)[2] determination because "she failed to properly consider the intensity, persistence, and limiting effects of Plaintiff's migraine headaches."  (ECF No. 9, p. 4).  In considering the intensity, persistence, and limiting effects of an individual's symptoms, the ALJ will examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record.  SSR 16-3p.  Additionally, the ALJ will also consider daily activities; the location, duration, frequency, and intensity of pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; treatment, other

---

[2] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

3

than medication, an individual receives or has received for relief of pain or other symptoms; any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§404.1529(c), 416.929(c). The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

Plaintiff asserts the reasons the ALJ identified to negate Plaintiff's reported severity of her migraine headaches were not supported by substantial evidence. (ECF No. 9, pp. 5-11). First, Plaintiff suggests that it was improper for the ALJ to assert that Plaintiff had an eighteen-month treatment gap because it is factually inaccurate and because twelve of the eighteen months were prior to Plaintiff's alleged onset date. (ECF No. 9, pp. 5-7). Lapses in treatment are one relevant factor in assessing intensity, persistence and frequency of symptoms. The ALJ specifically stated that "[u]pon examining this neurologist's progress notes, the undersigned observed a large gap in treatment from September 2014 through February 2016 (Exhibit 25F/68-80). During this eighteen-month period, the claimant simply stopped seeing Dr. Kaniecki. This absence of neurological treatment suggest that her headaches were not as severe and frequent as she would have the undersigned believe." (ECF No. 6-2, p. 26). Upon review of the evidence, I find this statement is supported by substantial evidence and is not a mischaracterization of the evidence. (ECF No. 6-2, p. 26).

With regard to the alleged onset date, at the hearing, Plaintiff testified that her migraines started in 2013, were always there, and increased in number and severity. (ECF No. 6-3, pp. 14, 20-22). As set forth above, when considering the intensity, persistence, and limiting effects of an individual's symptoms, the ALJ will examine, *inter alia*, duration, frequency, and intensity of pain. Given Plaintiff's testimony at the hearing, I find it reasonable for the ALJ to have

4

considered this time frame when assessing whether Plaintiff's migraines were as severe and frequent as she claimed. Thus, I find no error in this regard.

Plaintiff also argues that the ALJ erred in asserting that she was less than candid about her dissolution of her treatment relationship with Dr. Kaniecki. (ECF No. 9, pp. 8-9). In support of the same, Plaintiff suggests that a reading of the record confirms her testimony. (ECF No. 9, pp. 8-9).

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016). Thus, the question before me is whether substantial evidence supports the ALJ's findings. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Therefore, Plaintiff's argument in this regard is misplaced.

As set forth above, inconsistencies in evidence are valid considerations in determining the intensity, persistence and limiting effects of symptoms. The ALJ found Plaintiff was less than candid regarding the same because she testified at the hearing that she changed doctors because of a disagreement in "treatment strategies," but the record reflects that the relationship ended due to an assistant's unwillingness to complete disability paperwork. (ECF No. 6-2, p. 26). After a review of the record, I find this assessment is supported by substantial evidence. (ECF No. 6-24, pp. 6, 29; 6-27, p. 26). Thus, I find no error in this regard.

Plaintiff also suggests that while the ALJ considered Plaintiff's travel to Texas for a month in accessing her intensity, she failed to recognize that Plaintiff was hospitalized due to her headaches during that trip. (ECF No. 9, p. 9). Consideration of activities of daily living are valid in determining intensity, persistence and limiting effects of symptoms. Thus, it was

5

reasonable for the ALJ to recognize Plaintiff went on this trip.  While the fact that Plaintiff was hospitalized during the trip may be true, it does not negate the fact that she took the trip.  Therefore, I am not persuaded that this argument is a basis for remand.

Finally, Plaintiff asserts that the ALJ should not have considered Plaintiff's hobbies because her doctor encouraged her to engage in such activities.  (ECF No. 9, p. 10).  Again, consideration of activities of daily living are valid in determining intensity, persistence and limiting effects of symptoms.  Engaging in an activity because it is recommended by a doctor does not negate the fact that an activity was performed.  Thus, I find no merit to this argument.

After a review of the record, I find that the ALJ sufficiently explained the inconsistencies she found in evaluating Plaintiff's migraine headaches in relation to all of the other evidence in determining her RFC.  *Id.*  I further find there is substantial evidence to support his findings in this regard. Consequently,remand is not warranted on this basis.

### C.     Step Two – Severe Impairment

Plaintiff next argues that the ALJ erred in finding her depressive and anxiety related disorders were not severe and failed to consider them in her RFC assessment.  (ECF No. 9, pp. 11-13).  At step two of the analysis, an ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that is severe.  20 C.F.R. §416.1420(a).  The mere existence of a diagnosis or an abnormal reading does not equate to a severe impairment. *Phillips v. Barnhart,* 91 Fed. Appx. 775, 780 (3d Cir. March 10, 2004).  To be clear, the question of severity relies not on the particular condition, but on the limitations stemming from that condition.  *Id.*  An impairment is not severe if it does not significantly limit the physical or mental ability to do basic work activities and/or does not last or is not expected to last for a continuous period of at least 12 months.  20 C.F.R. §§416.920(c), 416.921(a), 416.909, 42 U.S.C. §423(d).  If a claimant is found to have a severe impairment, then the ALJ proceeds to the next step. 20 C.F.R. §416.920(a).

Typically, at step two, when an ALJ finds at least one impairment to be severe and continues on with the analysis, the failure to find an impairment severe is harmless because the Claimant is not denied benefits at step two. *Salles v. Commissioner of Social Sec.,* 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir. 2007); *Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, 4 -5  (W.D.Pa. March 24, 2009); *Hanke v. Astrue, No. 12-2364,* 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012).  Rather, the ALJ proceeds beyond step two.  In so doing, an ALJ makes a residual functional capacity determination taking into consideration all impairments, including any impairment that is not severe.  Thus, an ALJ will consider a plaintiff's severe and non-severe impairments in the evaluation process in determining a plaintiff's RCF.

After a lengthy and thorough discussion of Plaintiff's depressive and anxiety related disorder, the ALJ in this case found Plaintiff's alleged depressive and anxiety disorders to be non-severe impairments.  (ECF No. 6-2, pp. 22-23).  Plaintiff takes issue with the ALJ giving some weight to the opinion of state agency psychologist Dr. Schwartz because Dr. Schwartz did not evaluate Plaintiff's disorders using the required medical criteria.  (ECF No. 9, pp. 12-13).  I am not persuaded by this argument.  When the ALJ discussed Dr. Schwartz's opinion,  she specifically acknowledged the revised version of the medical criteria for evaluating mental disorders was not in effect and, as a result, weighed it accordingly.  (ECF No. 6-2, p. 23). Additionally, I find no merit to Plaintiff's concern that Dr. Schwartz did not have all of the relevant medical documents. (ECF No. 9, p. 13).  Here, the ALJ weighed Dr. Schwartz's opinion in consideration with all of the evidence of record. *See,* ECF No. 6-2, pp. 19-29.  After a review of the record, I find I am able to conduct a meaningful review and that the ALJ's assessment is supported by substantial evidence. *Id.*  Thus, I find no error in this regard.[3]

---

[3]In support of the same, Plaintiff also suggests that a reading of the record confirms her position that that her depressive and anxiety related disorders are severe impairments.  (ECF No. 9, p. 12).
> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance.  *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117

Finally, it is important to note that the ALJ did find other impairments to be severe. *Id.,* at p. 22. Therefore, Plaintiff was not denied benefits at step two and the ALJ proceeded beyond step two to determine Plaintiff's RFC. (ECF No. 6-2, pp. 24-27). In so doing, the ALJ acknowledged that in making the RFC determination she considered all symptoms. (ECF No. 6-2, p. 25). The ALJ then proceeded to consider the Plaintiff's severe and non-severe impairments in the evaluation process and in determining Plaintiff's RCF. *Id.* Therefore, I find any purported error was harmless such that a remand on this basis is not warranted. *Salles v. Commissioner of Social Sec.,* 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir. 2007); *Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, 4 -5 (W.D.Pa. March 24, 2009); *Hanke v. Astrue, No. 12-2364,* 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012).

An appropriate order shall follow.

---

(3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).
*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016). Thus, the question before me is whether substantial evidence supports the ALJ's findings. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Therefore, Plaintiff's argument in this regard is misplaced.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANN MARIE GARDNER, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>ANDREW M. SAUL,[4] )<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>Defendant. ) | Civil Action No. 19-143 |

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 15th day of May, 2020, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 8) is denied and Defendant's Motion for Summary Judgment (ECF No. 10) is granted.

                                                BY THE COURT:

                                                s/  Donetta W. Ambrose
                                                  Donetta W. Ambrose
                                                  United States Senior District Judge

---

[4] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.